IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Greene, | C/A No. 0:08-3353-DCN-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Officer Bautista, Officer Rickett, | |
| Defendants. | |

The plaintiff, Tyrone Greene ("Greene"), who is self-represented, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the defendants, Officers Bautista and Rickett of the City of Charleston Police Department. Greene seeks compensation for personal injuries he allegedly sustained during the course of his arrest by the defendants.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 53.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Greene of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 54.) Greene filed a response in opposition to the defendants' motion. (Docket Entry 59.) Having considered the parties' submissions, the court concludes that the defendants' motion should be granted.

## BACKGROUND

The following facts are undisputed. In the early morning hours on October 20, 2006, the defendants attempted to arrest Greene, who was attempting to evade arrest by fleeing on foot. A

chase ensued. Greene hid in some bushes. At least one of the defendants ultimately used physical force to restrain and arrest Greene.

According to Greene's verified Complaint, the defendants found Greene in the bushes and ordered him to come out. (Compl., Docket Entry 1 at 3.) When Greene came out of the bushes, the officers instructed Greene to lie down. Greene complied. Greene alleges that Defendant Rickett then handcuffed him and Defendant Bautista began repeatedly kicking Greene until a third officer directed him to stop. (Id.)

The evidence submitted by the defendants in support of their motion for summary judgment sheds additional light on the details of events. According to those exhibits and affidavits, at approximately 2:00 a.m., officers of the Charleston Police Department identified a white minivan being driven by Greene as stolen and initiated a traffic stop. (Incident Report, Docket Entry 53-3 at 2-3.) As the officers approached the vehicle on foot, Greene and his passenger sped away in the minivan. (Id. at 3.) The officers lost sight of Greene's minivan and advised all responding units to assist in locating it. (Id.; Use of Force Report, Docket Entry 53-4 at 2; Bautista Aff. ¶ 3, Docket Entry 53-5 at 2; Rickett Aff. ¶ 4, Docket Entry 53-6 at 2.) The defendants, Officers Bautista and Rickett, who were patrolling together in the same car, located the minivan, which had apparently struck a parked car. (Bautista Aff. ¶¶ 5-6, Docket Entry 53-5 at 2; Rickett Aff. ¶¶ 5-6, Docket Entry 53-6 at 2.) Greene and his passenger emerged from the minivan and fled on foot in different directions. (Id.) Defendant Bautista pursued Greene on foot and Defendant Rickett pursued the passenger. (Bautista Aff. ¶ 7, Docket Entry 53-5 at 2; Rickett Aff. ¶ 7, Docket Entry 53-6 at 2.) The area was very dark. (Use of Force Report, Docket Entry 53-4 at 2; Bautista Aff. ¶ 8, Docket Entry 53-5 at 3; Rickett Aff. ¶ 8, Docket Entry 53-6 at 3.) When Bautista approached the bushes where Greene was hiding, Greene ambushed Bautista and a struggle ensued as Bautista attempted to both

*PJG*

defend himself and restrain Greene. (Incident Report, Docket Entry 53-3 at 3; Use of Force Report, Docket Entry 53-4 at 2; Bautista Aff. ¶¶ 9-11, Docket Entry 53-5 at 3.) Bautista called for assistance. (Bautista Aff. ¶ 12, Docket Entry 53-5 at 3; Rickett Aff. ¶ 9, Docket Entry 53-6 at 3.) Rickett responded to his call and assisted in handcuffing Greene. (Use of Force Report, Docket Entry 53-4 at 2; Bautista Aff. ¶ 12, Docket Entry 53-5 at 3; Rickett Aff. ¶¶ 10-11, Docket Entry 53-6 at 3.) Rickett placed Greene in the patrol car. (Bautista Aff. ¶ 12, Docket Entry 53-5 at 3; Rickett Aff. ¶ 11, Docket Entry 53-6 at 3.) Rickett had no other contact with Greene. (Rickett Aff. ¶¶ 14-15, Docket Entry 53-6 at 3; Bautista Aff. ¶ 15, Docket Entry 53-5 at 3.) Greene was then taken to the hospital, where medical tests revealed that Greene was under the influence of a combination of heroin and cocaine commonly known as a "speedball." (Use of Force Report, Docket Entry 53-4 at 2; Bautista Aff. ¶¶ 13-14, Docket Entry 53-5 at 2; Rickett Aff. ¶¶ 12-13, Docket Entry 53-6 at 3.)

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

*PJG*

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Excessive Force Claim**

A claim that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other seizure of a person is properly analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. Graham v. Connor, 490 U.S. 386, 395 (1989); Yarborough v. Montgomery, 554 F. Supp. 2d 611, 617 (D.S.C. 2008). The Fourth Amendment test is an objective one; however, it is not capable of precise definition or mechanical application. Graham, 490 U.S. at 396-97; Yarborough, 554 F. Supp. 2d at 617. It requires the court to determine "whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; Yarborough, 554 F. Supp. 2d at 617. The court must balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the importance of

the governmental interest alleged to justify the intrusion." Yarborough, 554 F. Supp. 2d at 617 (quoting Graham, 490 U.S. at 396). The test recognizes that "the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396; Yarborough, 554 F. Supp. 2d at 617. Courts have recognized that the need for such force is greater when the suspect is resisting arrest. Yarborough, 554 F. Supp. 2d at 617.

The United States Supreme Court has identified several factors for courts to use in conducting the fact-specific inquiry of the Fourth Amendment's reasonableness standard. Graham, 490 U.S. at 396. "[T]he severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" are examples of factors that should weigh into the court's determination as to whether the force applied was excessive. Graham, 490 U.S. at 396; Yarborough, 554 F. Supp. 2d at 617-18. In making this determination, courts must make "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397.

In support of their motion for summary judgment, the defendants have presented detailed evidence that the use of force in this case was reasonable. By contrast, Greene's response to this evidence noticeably fails to dispute important details and essentially parrots the general assertions in his Complaint. Although he disputes some immaterial details, such as which officers made the initial traffic stop and whether there was a high speed collision, Greene does not contradict the defendants' evidence that Greene ambushed Officer Bautista or that he was under the influence of two illegal substances at the time. For the most part, his scant assertions are consistent with the

*PJG*

defendants' version of events. Notably, however, Greene's response glaringly fails to address the defendants' affidavits averring that when Greene "came out" of the bushes, he ambushed Bautista and resisted arrest. His response, which fails to deny the defendants' version of events and rests on carefully worded general statements, fails to set forth specific facts showing that there is a genuine issue for trial. Greene has failed to come forth with evidence sufficient to dispute the defendants' version of the material facts as required by Rule 56 and applicable case law. On the record presented, no reasonable jury could find that the defendants' use of force to restrain and arrest Greene was excessive.

Greene acknowledges that he fled and attempted to evade arrest. Although Greene disputes some of the details surrounding his arrest, he has offered no credible evidence to contradict the defendants' proof that Greene was under the influence of illegal drugs, that Greene ambushed Officer Bautista, and that it took two officers to restrain Greene. Further, the undisputed evidence shows that the defendants were hunting two fugitives at night in a dark area and were unaware whether the suspects were armed. Based on the totality of the circumstances, this court finds as a matter of law that the force used by the defendants in light of the circumstances confronting them at the time was reasonable.

Moreover, even if the force used were excessive, the defendants would be entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). The court finds that a reasonable officer confronted with the facts presented on this record would not have known that applying force to subdue and restrain an obstreperous suspect who had assaulted a police officer was a violation of clearly established

constitutional rights. See Waterman v. Batton, 393 F.3d 471, 476-77 (4th Cir. 2005) ("Because police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving, the facts must be evaluated from the perspective of a reasonable officer at the scene, and the use of hindsight must be avoided.") (internal quotation marks and citations omitted); Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

## RECOMMENDATION

Greene has failed to come forth with evidence sufficient to meet his burden to defeat a properly supported summary judgment motion. Accordingly, the court recommends that the defendants' motion for summary judgment (Docket Entry 53) be granted. In light of this recommendation, Greene's motion to subpoena witnesses for trial (Docket Entry 42) should be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).